Efrain Santamaria VELANDIA; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–70063.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 28, 2008.

Steve S. Chang, Esq., Law Offices of Chang & Lee, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Ernesto H. Molina, Jr., Esq., Margaret K. Taylor, Esq., Liza S. Murcia, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Lead petitioner Efrain Santamaria Velandia, his wife, Jeanne Esther Diaz Mejia,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and two children, Vanessa Santamaria Diaz and Christian Camilo Santamaria Diaz (collectively "petitioner"), all natives and citizens of Colombia, petition for review of the Board of Immigration Appeals' order that adopted and affirmed an Immigration Judge's ("IJ") order denying their claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Substantial evidence supports the IJ's determination that petitioner failed to establish past persecution or a well-founded fear of future persecution on account of either an imputed political opinion or membership in a particular social group. *See Cruz–Navarro v. INS,* 232 F.3d 1024, 1030 (9th Cir.2000); *Chanco v. INS,* 82 F.3d 298, 303 (9th Cir.1996); *see also Njuguna v. Ashcroft,* 374 F.3d 765, 770 (9th Cir. 2004). Further, we conclude that petitioner's fear of future persecution is speculative. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003). Thus, petitioner's asylum claim fails.

Because petitioner failed to meet the lower standard of proof required to establish eligibility for asylum, he also failed to show he is entitled to withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Substantial evidence supports the denial of CAT relief, because petitioner failed to show it is more likely than not that he would be subject to torture if returned to Colombia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.